# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN OVERHOLT, | Case No.: 17cv1337-MMA (AGS) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND;** |
| v. | [Doc. No. 7] |
| AIRISTA FLOW INC., a Delaware corporation; AIRISTA LLC, a Maryland limited liability company; and RYAN MADIGAN, an individual, | **GRANTING SPECIALLY APPEARING DEFENDANTS AIRISTA LLC AND RYAN MADIGAN'S MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| Defendants. | [Doc. No. 10] |

Plaintiff Bryan Overholt ("Plaintiff") filed the instant action against Defendants Airista Flow Inc., Airista LLC, and Ryan Madigan (collectively, "Defendants") in the Superior Court of California for the County of San Diego on May 16, 2017. *See* Doc. No. 1 at 2. On June 30, 2017, Airista Flow, Inc. removed the action to this Court on the basis of diversity jurisdiction. *See id.* In his Complaint, Plaintiff asserts five state-law causes of action for: (1) age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code § 12940, *et seq.*; (2) failure to prevent discrimination in violation of FEHA, Cal. Gov't. Code § 12940, *et seq.*; (3) wrongful termination in violation of public policy; (4) failure to pay earned wages upon discharge

in violation of Cal. Lab. Code § 201, *et seq.*; and (5) restitution for unfair business practices, in violation of Cal. Bus. & Prof. Code § 17200. *See* Doc. No. 1-1 (hereinafter "Complaint").

On July 31, 2017, Plaintiff filed a motion to remand the action back to state court, claiming that Airista Flow Inc. failed to sufficiently establish in its notice of removal that the parties are diverse. *See* Doc. No. 7. Airista Flow, Inc. filed an opposition to Plaintiff's motion, to which Plaintiff replied. *See* Doc. Nos. 9, 12. Additionally, on August 30, 2017, specially appearing defendants Airista LLC and Ryan Madigan filed a motion to dismiss. *See* Doc. No. 10. Plaintiff filed an opposition, to which Airista LLC and Ryan Madigan replied. *See* Doc. Nos. 17, 18. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand, and **GRANTS** Airista LLC and Ryan Madigan's motion to dismiss.

## BACKGROUND

This action arises out of events involving the termination of Plaintiff's employment from Airista Flow Inc. ("Airista Flow") in October 2016. *See* Complaint ¶ 20. At all relevant times, Plaintiff has resided in San Diego County. *Id.* ¶ 1. Plaintiff alleges Defendant Airista Flow is incorporated under the laws of Delaware, and has its principal place of business in Maryland. *Id.* ¶ 2. Moreover, Plaintiff claims Defendant Airista LLC is a Maryland limited liability company "doing business in California," and that Airista Flow is a subsidiary of Airista LLC. *Id.* ¶ 3. Plaintiff contends Defendant Ryan Madigan ("Madigan") is a resident of Maryland. *Id.* ¶ 4.

On or around November 13, 2006, Ekahau, Inc. ("Ekahau") hired Plaintiff to work for it as a Systems Engineer. *Id.* ¶ 17. On or around October 12, 2013, Ekahau terminated Plaintiff's employment, and rehired him as an independent contractor. *Id.* However, in July 2014, Ekahau converted Plaintiff to a W-2 employee. *Id.*

In approximately March 2016, Plaintiff alleges Airista Flow and Airista LLC "acquired Ekahau and assumed and controlled Ekahau's business practices." *Id.* ¶ 19.

Due to the acquisition, Plaintiff alleges he became an employee of Airista Flow and Airista LLC. *See id.* Madigan served as Airista Flow's President during this time. *See id.*

In October 2016, Defendants terminated Plaintiff's employment due to a "reorganizing [of] the company." *Id.* ¶ 20. Plaintiff alleges he was the only employee terminated as a result of the reorganization. *See id.* "Plaintiff was 63 years old at the time of the termination and was substantially older than Defendants' other employees." *Id.* Plaintiff asserts that "Defendants replaced [him] with substantially younger employees and these employees assumed [his] job and responsibilities." *Id.* ¶ 21. Plaintiff alleges Defendants terminated his employment because of his age. *Id.* ¶ 22.

Further, upon Plaintiff's termination, Plaintiff alleges "Defendants failed to pay Plaintiff earned non-discretionary bonuses, accrued vacation time, and expenses." *Id.* ¶ 23. Plaintiff alleges Madigan "was primarily involved in the decision not to pay Plaintiff" his final wages. *Id.* ¶ 49. As a result, Plaintiff commenced the instant action.

## PLAINTIFF'S MOTION TO REMAND

In its notice of removal, Airista Flow asserts "[t]he two other named Defendants [Airista LLC and Ryan Madigan], who have not yet been served, are also non-California residents." Doc. No. 1. at 6. Specifically, Airista Flow contends that Airista LLC is a Maryland limited liability company and Defendant Ryan Madigan is a Maryland resident. *Id.* Plaintiff argues Airista Flow's assertions are insufficient to establish the citizenship of Airista LLC and Madigan for purposes of diversity jurisdiction, and that the Court should remand this action.[1] *See* Doc. No. 7 at 3-4.

/ / /

---

[1] Plaintiff does not challenge Airista Flow's citizenship. For purposes of diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Airista Flow is incorporated under the laws of the state of Delaware, and has its principal place of business in Maryland. *See* Doc. No. 1 at 5-6; Complaint ¶ 2.

### *1. Legal Standard*

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

Title 28 of the United States Code, section 1441(a), provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). The statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). As the removing party, the defendant bears the burden of establishing that the court has subject matter jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

### *2. Analysis*

Plaintiff argues that remand is appropriate for the following reasons: (a) Airista Flow's opposition to the instant motion is essentially an amendment to its notice of removal and should be deemed untimely; (b) the declarations of Messrs. M. Sajjad and S. Sajjad fail to establish diversity of the LLC members; (c) Airista Flow failed to establish diversity of citizenship as to Madigan; and (d) Airista Flow failed to establish all of the

defendants consented to removal.[2]  *See* Doc. Nos. 7, 12.  Plaintiff further requests an award of attorney's fees and costs arising out of the instant motion as Airista Flow's "clear procedural and sloppy errors . . . forced Plaintiff to file this motion."  Doc. No. 12 at 6.  The Court considers Plaintiff's arguments in turn.

       a.  <u>Timeliness of Amendment</u>

       In opposition to the instant motion, Airista Flow submitted the declarations of both of Airista LLC's members, and Madigan's declaration.  *See* Doc. Nos. 9-2, 9-3, 9-4. Plaintiff argues that "this clear attempt at amending their Notice of Removal is untimely because it was not amended within the thirty-day period in which an action may be removed."  Doc. No. 12 at 2.

       28 U.S.C. § 1446(b) requires defendants to file a notice of removal within thirty days after being served with the complaint.  28 U.S.C. § 1446(b).  A defendant's notice of removal may be amended freely prior to the expiration of the initial thirty-day period established by Section 1446(b).  *Pinter v. Arthury J. Gallagher Serv. Co., LLC*, 2016 WL 614348, at *5 (C.D. Cal. Feb. 16, 2016) (citing *Smiley v. Citibank (S.D.) N.A.*, 863 F. Supp. 1156, 1158 (C.D. Cal. 1993)).  The Ninth Circuit, however, permits defendants to amend defective allegations of jurisdiction in their notice beyond the initial thirty-day period, as long as the initial notice of removal was timely filed and sets forth the same legal grounds for removal.  *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (allowing the defendant to amend notice of removal to cure inadequate allegation of the citizenship of the defendant corporation).  However, when a defendant attempts to assert new grounds for removal, or "to create jurisdiction where none existed," a court should deny leave to amend.  *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Grp.*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds by Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).  Courts are free to construe a

---

[2]  Plaintiff does not challenge Airista Flow's contention that the amount in controversy requirement is satisfied.  As such, the Court does not analyze this requirement.

17cv1337-MMA (AGS)

defendant's opposition to a motion to remand as an amendment to the notice of removal. *See Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

Here, the Court finds that Airista Flow timely amended its notice of removal. Importantly, Airista Flow is not asserting a new ground for removal. In its notice of removal, Airista Flow asserts jurisdiction is proper because the parties are diverse. Specifically, the notice of removal indicates that all three defendants (Airista Flow, a corporation, Airista LLC, a limited liability company, and Madigan) were diverse from Plaintiff. *See* Doc. No. 1 at 5-6. Airista Flow now seeks to supplement its notice of removal with the declarations of the members of Airista LLC, and Madigan in support of its claim that the parties are diverse. The Ninth Circuit expressly permits such an amendment after the expiration of the initial thirty-day period in which an action may be removed. *See Barrow Dev. Co.*, 418 F.2d at 317 (noting that "the removal petition cannot be . . . amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."); *Geerlof v. C & S Wholesale Grocers, Inc.*, 2014 WL 1415974, at *5 (E.D. Cal. Apr. 14, 2014) (permitting amendment where the defendants "merely seek to supplement their original Notice of Removal with facts that support" diversity jurisdiction.); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Accordingly, the Court finds that the evidence Airista Flow submits is timely, and considers such evidence in reaching its conclusion below.

### b. Airista LLC's Citizenship

Plaintiff next contends that Airista Flow failed to establish the citizenship of each member of Airista LLC, a limited liability company, in its notice of removal. *See* Doc. No. 7 at 3. In opposition, Airista Flow asserts that Airista LLC has two members, both of whom are citizens of Maryland. *See* Doc. No. 9 at 5. Thus, Airista Flow claims Airista LLC's members are diverse from Plaintiff. *See id.*

Limited liability companies are citizens of all states of which their members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *See Gilbert v. David*, 235 U.S. 561, 565–71 (1915); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

Here, the Court finds that Airista Flow has sufficiently alleged that Airista LLC's members are diverse from Plaintiff. In its opposition, Airista Flow submits the declarations of two individuals: Mr. Masoud Sajjad, and Mr. Simon Sajjad. *See* Doc. Nos. 9-3 (hereinafter "M. Sajjad Decl."), 9-4 (hereinafter "S. Sajjad Decl."). Messrs. M. Sajjad and S. Sajjad aver that they are the only two members of Airista LLC. M. Sajjad Decl. ¶ 5; S. Sajjad Decl. ¶ 5. Mr. S. Sajjad declares that he is "currently a Maryland citizen and was a Maryland resident at the time this lawsuit was filed and at the time of removal." S. Sajjad Decl. ¶ 4. Mr. M. Sajjad declares that he is currently a resident of Maryland, and was a Maryland resident at the time of filing and at the time of removal. M. Sajjad Decl. ¶ 4.

Plaintiff argues that these declarations are inadequate because "they fail to address the *citizenship* of the declarants." Doc. No. 12 at 5 (emphasis added). Plaintiff emphasizes that Messrs. M. Sajjad and S. Sajjad only refer their residence and fail to indicate whether they "ever resided in California or ever had an intention of remaining in California or Maryland." *Id.* Plaintiff's argument, however, is misplaced because "numerous courts have treated a person's residence as *prima facie* evidence of citizenship." *Garcia v. Task Ventures, LLC*, 2016 WL 7093915, at *4 (S.D. Cal. Dec. 6, 2016); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary[.]"); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (recognizing that "numerous courts treat a person's residence as prima facie evidence of the person's domicile"); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

17cv1337-MMA (AGS)

§ 3612 (3d ed. 2013) ("It is assumed, for example, that a person's current residence is also his domicile[.]").  Thus, because Messrs. M. Sajjad and S. Sajjad aver that they reside in Maryland, and because Plaintiff presents no evidence to the contrary, the Court presumes that the individuals are domiciled in Maryland for purposes of diversity jurisdiction.

Plaintiff further contends that the declarations of Messrs. M. Sajjad and S. Sajjad are inadequate because they do not indicate "whether they were the only LLC members *at the time of removal*."  Doc. No. 12 at 5 (emphasis in original).  Yet, nothing in the declarations suggests that there are, or have ever been, any other members of Airista LLC.  In fact, Mr. S. Sajjad claims that "[t]he only other member of AIRISTA, LLC is Masoud Sajjad."  S. Sajjad Decl. ¶ 5.  Similarly, Mr. M. Sajjad declares that "[t]he only other member of AIRSITA, LLC is Simon S. Sajjad."  M. Sajjad Decl. ¶ 5.  As such, the Court is not persuaded by Plaintiff's argument, and finds that Airista Flow has sufficiently alleged that Airista LLC is a citizen of Maryland for purposes of diversity jurisdiction.

### c.  Ryan Madigan's Citizenship

Plaintiff also argues that Airista Flow failed to establish Madigan's citizenship in its notice of removal.  *See* Doc. No. 7 at 4.  As discussed in the previous section, for purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled.  *See Gilbert*, 235 U.S. at 565–71; *Munoz*, 644 F.2d at 1365.

Here, Madigan declares that he resided in New York at the time this action was filed, still resides in New York, and has "lived in New York for three years."  Doc. No. 9-2 (hereinafter "Madigan Decl.") ¶ 2.  Further, Madigan asserts that he has "never been a resident of the state of California."  *Id.* ¶ 3.  Plaintiff appears to abandon this argument in his reply brief, and does not respond to Madigan's declaration.  Accordingly, the Court finds that Airista Flow has sufficiently alleged Madigan is a citizen of New York for purposes of diversity jurisdiction.

/ / /

### d. Unanimity of Consent

Furthermore, Plaintiff argues for the first time in his reply brief that Airista Flow failed to establish unanimity of consent of all defendants before filing its notice of removal; thus remand is appropriate. *See* Doc. No. 12 at 5. Plaintiff's argument is problematic for three reasons. First, courts generally do not consider arguments raised for the first time in a reply brief. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992). Plaintiff could have raised this argument in his motion to remand, but failed to do so.

Second, Plaintiff waived such an argument. Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, Airista Flow filed its notice of removal on June 30, 2017. *See* Doc. No. 1. While Plaintiff timely filed a motion to remand, Plaintiff did not raise this argument in his motion to remand. Rather, Plaintiff asserts this argument for the first time in his reply brief, filed on September 1, 2017. *See* Doc. No. 12. The Ninth Circuit has held that a party must raise a procedural defect as a basis for removal within thirty days of the notice of removal, *regardless of whether the motion to remand is timely*. *N. Cal. Dist. of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (emphasis added). "[T]he critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand. Any other reading of [Section 1447(c)] would elevate form over substance." *Id.* As such, Plaintiff waived the right to challenge this procedural defect.

Third, even if the Court were to consider this argument, Plaintiff's argument fails on the merits. Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the rule of unanimity. "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain

affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds*.

In *Prize Frize*, not all of the defendants joined in the notice of removal, and the only explanation provided was that the removing defendants "have been informed and believe that *many* of the defendants named in the fourth amended complaint caption have not been properly served in this matter." *Id.* (emphasis in original). The Ninth Circuit found that because "the words 'many' and 'all' are not synonymous, the notice was facially deficient for failing to explain why *all* non-joining defendants had not consented." *Id.* (emphasis in original).

Here, in contrast, Airista Flow noted in its notice of removal that based upon its knowledge, "the other named defendants, who are not alleged to be California residents, *have not been served* (Compl. ¶¶ 4, 5) and [Airista Flow] has no reason to believe they would object to removal." Doc. No. 1 at 2 (emphasis added). The Court finds that Airista Flow's explanation is sufficient to explain the absence of the remaining co-defendants in the notice of removal. The Court notes that Plaintiff summarily asserts that "all defendants have been served with the Complaint in this action," and Airista Flow "has not shown all Defendants consent to the Removal." Doc. No. 12 at 6. Yet, Plaintiff submits no evidence (i.e., executed summons, declarations, etc.) that at the time of removal, all of the defendants had been properly served in this action. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (observing that only defendants who have been properly served must consent to removal). Nor does Plaintiff cite to any binding case law in support of his position that remand is appropriate simply because Plaintiff asserts in his reply brief, without submitting any evidence, that all of the defendants have been served.[3] As such, the Court finds that Airista Flow has met its burden in explaining

[3] Even if the Court determined that Airista Flow's notice of removal is facially deficient, which it does not, Airista LLC and Madigan manifested their consent to removal. "Where consent is not

the absence of the other defendants in its notice of removal.  Accordingly, remand on this basis is inappropriate.

### e. Attorney's Fees and Costs

Finally, Plaintiff claims that even if the Court "is inclined to accept Defendant's amendment to its Notice of Removal, Plaintiff respectfully requests an award of attorney's fees and costs arising out of the Motion to Remand as Defendant's clear and procedural and sloppy errors in the Petition for Removal forced Plaintiff to file this motion."  Doc. No. 12 at 6.  The Court disagrees.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  As the Supreme Court has indicated, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017).  Moreover, "the standard for awarding fees should turn on the reasonableness of the removal."  *Martin*, 546 U.S at 141.

Plaintiff relies on *Navarro v. Servisair, LLC* in support of his request for fees and costs.  2008 WL 3842984 (N.D. Cal. Aug. 14, 2008).  In *Navarro*, the "notice of removal treated [the] defendant as a corporation, not an LLC.  This prompted [the] plaintiff to file a motion to remand."  *Id.* at *7.  The district court noted that in opposition to the plaintiff's motion to remand, the defendant sufficiently demonstrated that diversity of citizenship exists, despite not specifying the citizenship of the members of the LLC in the

---

explicit, courts have considered other indications of non-removing defendants' consent to removal." *Manikan v. Pac. Ridge Neighborhood Homeowners Assoc.*, 2017 WL 2953958, at *3 (S.D. Cal. July 10, 2017).  In *Manikan*, the district court considered the fact that the non-consenting defendant never objected to removal, and filed a motion to dismiss; thus the court found the defendant "manifested its consent to removal." *Id.*  Similarly here, Airista LLC and Madigan did not object to removal, and filed a motion to dismiss based on lack of personal jurisdiction. *See* Doc. No. 10.

notice of removal. *See id.* The court awarded the plaintiff reasonable attorney's fees and costs "in order to dissuade sloppy drafting and eliminate perverse incentives[.]" *Id.*

Here, the Court finds Airista Flow did not lack an objectively reasonable basis for seeking removal, nor does the Court find that unusual circumstances exist. In fact, Plaintiff's own allegations in his Complaint, albeit inaccurate with respect to Madigan's citizenship, support diversity jurisdiction. *See* Complaint ¶¶ 1-4. Moreover, *Navarro* is distinguishable from the case at bar. In *Navarro*, unlike here, the notice of removal treated the defendant as a corporation, not an LLC. *See id.* Here, in contrast, Airista Flow indicated in its notice of removal that Airista LLC as a limited liability company. Airista Flow even asserted that Airista LLC is "a Maryland resident," and noted that Madigan worked for Airista Flow in the state of New York and his last known address was in the state of New York. Doc. No. 1 at 6. While Airista Flow could have been more specific in its notice of removal about the citizenship of Airista LLC's members, and Madigan's citizenship, the Court finds that an award of fees and costs, under these circumstances, is improper. *See Martin*, 546 U.S at 141 ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ."). As such, the Court **DENIES** Plaintiff's request for attorney's fees and costs.

### 3. Conclusion

In sum, the Court concludes that Airista Flow's amendment to its notice of removal is proper and timely. Additionally, the Court finds that Airista Flow has sufficiently demonstrated that Airista LLC is a citizen of Maryland, and that Madigan is a citizen of New York. Airista Flow also asserts, and Plaintiff does not contest, that Airista Flow is a citizen of Delaware and Maryland, and that Plaintiff is a citizen of California. *See* Doc. No. 1 at 4-5. Thus, because all defendants are diverse from Plaintiff, remand is inappropriate. Lastly, Plaintiff's unanimity of consent argument is without merit, and the Court finds an award of fees and costs is not proper under these circumstances. Accordingly, the Court **DENIES** Plaintiff's motion to remand.

## AIRISTA LLC AND RYAN MADIGAN'S MOTION TO DISMISS

Specially appearing defendants Airista LLC and Madigan move to dismiss Plaintiff's claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Doc. No. 10. Airista LLC and Madigan contend that this Court lacks either general or specific personal jurisdiction over them. Plaintiff asserts Airista LLC and Madigan have sufficient contacts with California because Airista LLC and Madigan employed Plaintiff, a California employee. *See* Doc. No. 17 at 1-2.

### 1. *Airista LLC and Madigan's Evidentiary Objections*

Airista LLC and Madigan have submitted various evidentiary objections to the declarations of Plaintiff Bryan Overholt and Andrea Jones, Esq., submitted in support of Plaintiff's opposition to the motion to dismiss. *See* Doc. No. 18-1. The Court addresses the specific objections in turn.

#### a. Objections to Declaration of Andrea Jones, Esq.

Airista LLC and Madigan object to several excerpts of Ms. Jones' declaration (Doc. No. 17-4, hereinafter "Jones Decl.") on the grounds that such statements lack foundation, lack personal knowledge, are speculative, and conclusory. *See id.* at 1-2. In reaching its conclusion below, the Court does not rely on any statements that lack foundation, lack personal knowledge, are speculative, conclusory, or otherwise inadmissible. Thus, to the extent the Court considers such statements, the Court **OVERRULES** Airista LLC and Madigan's objections to Ms. Jones' declaration.

Moreover, Airista LLC and Madigan object to Exhibits 1-4 attached to Ms. Jones' declaration on the grounds that the documents have not been properly authenticated or are irrelevant to the case at bar. *See id.* Exhibit 1 is a copy of one of Plaintiff's wage statements dated April 15, 2016 (Doc. No. 17-5); Exhibit 2 is a copy of Airista LLC's articles of incorporation (Doc. No. 17-6); Exhibit 3 is a "copy of online research showing Airista Flow, Inc. and Airista LLC purchased Ekahau, Inc. (Plaintiff's former employer)" (Doc. No. 17-7); and Exhibit 4 is a copy of a complaint filed in Texas against Airista LLC and Ekahau, Inc. (Doc. No. 17-8).

Airista LLC and Madigan object to Exhibit 1 on the ground that the wage statement has not been properly authenticated. *See* Doc. No. 18-1 at 1. Federal Rule of Evidence 901 provides in part, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Ms. Jones declares that this document is an accurate copy of one of Plaintiff's wage statements "produced to Plaintiff by Defendants." Jones Decl. ¶ 4. Thus, Ms. Jones has properly authenticated the document. Accordingly, the Court **OVERRULES** Airista LLC and Madigan's objection to Exhibit 1. *See also* Fed. R. Evid. 901(b)(1).

Airista LLC and Madigan object to Exhibit 2 ground that Airista LLC's articles of incorporation have not been properly authenticated. *See* Doc. No. 18-1 at 1. The Court finds that Ms. Jones has properly authenticated that Exhibit 2 is a copy of the articles of incorporation she found online on the Maryland Secretary of State's website. As such, the Court **OVERRULES** Airista LLC and Madigan's objection to Exhibit 2.

Airista LLC and Madigan object to Exhibit 3 on the ground that the copy of Ms. Jones' research has not been properly authenticated. Jones Decl. ¶ 4; *see also* Doc. No. 18-1 at 2. The Court agrees. Federal Rule of Evidence 901 requires the proponent "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Ms. Jones can properly authenticate that Exhibit 3 is the product of her online research, but Ms. Jones is unable to authenticate the content of Exhibit 3. Exhibit 3 consists of unverified statements on a website called "Relationship Science." *See* Doc. No. 17-7. To the extent Ms. Jones seeks to authenticate these unverified statements to support the claim that "Airista Flow, Inc. and Airista, LLC purchased Ekahau, Inc.," the document is hearsay and does not fall under any recognized exception. *See* Fed. R. Evid. 801, 803. Thus, the Court **SUSTAINS** Airista LLC and Madigan's objection to Exhibit 3.

Lastly, Airista LLC and Madigan object to Exhibit 4 on the ground that the patent infringement case filed in the Eastern District of Texas is irrelevant. Federal Rule of

Evidence 401 provides that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court finds the objection well-taken, as a complaint filed against Airista LLC in a different state, alleging different claims, is irrelevant to the case at bar. As such, the Court **SUSTAINS** Airista LLC and Madigan's objection to Exhibit. 4.

### b. Objections to Declaration of Bryan Overholt

Airista LLC and Madigan further object to Plaintiff's declaration (Doc. No. 17-1, hereinafter "Overholt Decl.") in its entirety, with the exception of one sentence in paragraph 2, on the grounds that such statements constitute inadmissible hearsay, call for legal conclusions, are speculative, irrelevant, and lack foundation. *See* Doc. No. 18-1 at 3-5. The Court does not rely on any statements in Plaintiff's declaration that constitute hearsay, call for legal conclusions, lack foundation, are irrelevant, or are otherwise inadmissible. Rather, the Court relies only on objective facts supported by Plaintiff's personal knowledge. As such, to the extent the Court considers such statements, the Court **OVERRULES** Airista LLC and Madigan's objections to Plaintiff's declaration.

### 2. *Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Uncontroverted allegations in a complaint must be taken as true when a prima facie showing of personal jurisdiction is required. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Systems Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Conflicts between facts contained in the parties' affidavits must be resolved in favor of the party asserting jurisdiction when deciding whether there has been a prima facie showing of personal

jurisdiction. *Am. Tel. & Tel.*, 94 F.3d at 588.

The Court applies the personal jurisdiction law of the forum state where, as here, "there is no applicable federal statute governing personal jurisdiction[.]" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). "California's long-arm jurisdictional statute is coextensive with federal due process requirements," and so under California law a court can exert personal jurisdiction over a defendant if doing so would be consistent with constitutional due process. *Id.* A court may exercise personal jurisdiction "over a non-resident defendant" without offending constitutional principles if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1111 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### 3. Analysis

Airista LLC and Madigan first argue that this Court lacks general personal jurisdiction because the LLC and Madigan do not have systematic and continuous contacts with California. Second, Airista LLC and Madigan contend that the Court similarly lacks specific personal jurisdiction, arguing that neither Airista LLC nor Madigan have engaged in any behavior to purposefully avail themselves of the privilege of conducting business in California. In opposition, Plaintiff contends that Airista LLC and Madigan "employed, supervised, and wrongfully terminated Plaintiff, who is a California employee;" thus, "the Court should not dismiss Madigan and [Airista LLC] for mere lack of their 'physical presence' in the forum state[.]" Doc. No. 17 at 1-2. The Court addresses the defendants individually.

#### a. <u>Ryan Madigan</u>

Plaintiff argues that this Court may exercise specific personal jurisdiction over Madigan because he served as President of Airista Flow, supervised Plaintiff's employment, allegedly wrongfully terminated Plaintiff's employment, and allegedly

failed to pay all of Plaintiff's wages owed upon termination.[4]  *See* Doc. No. 17 at 3. Plaintiff asserts only one claim against Madigan: failure to pay earned wages upon discharge in violation of California Labor Code § 201.  *See* Complaint ¶¶ 46-51.

"[I]f a defendant has not had continuous and systematic contacts with the state sufficient to confer 'general jurisdiction,'" *Dole Food Co.*, 303 F.3d at 1111, specific personal jurisdiction may be established by showing the following:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  Plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction.  *Dole Food Co.*, 303 F.3d at 1111 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

The Ninth Circuit has emphasized that under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two separate and distinct concepts.  Specifically, "[t]he exact form of our jurisdictional inquiry depends on the nature of the claim at issue."  *Picot*, 780 F.3d at 1212.  For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant has purposefully availed himself of the privilege of conducting business with the forum state.  *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).  For claims

---

[4]  Plaintiff does not contend that the Court has general personal jurisdiction over Madigan. Accordingly, the Court need not determine the issue as it relates to Madigan.  *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (declining to determine whether general jurisdiction existed because plaintiff argued only specific jurisdiction existed).

sounding in tort, courts apply a "purposeful direction" test, and analyze whether the defendant "has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802-03).

As an initial matter, the parties do not indicate which approach applies to the case at bar. In their respective briefs, the parties appear to apply the purposeful availment analysis, although Plaintiff also relies on a Ninth Circuit case that applies the purposeful direction approach. Plaintiff's claim against Madigan for failure to pay earned wages upon discharge is neither a contract nor tort claim. In an analogous case, *Rashidi v. Veritiss, LLC*, the plaintiff asserted similar claims to those asserted here, including failure to pay wages due in violation of California Labor Code § 201. 2016 WL 5219448, at *2 (C.D. Cal. Sept. 19, 2016). The district court noted that the plaintiff's "claims are neither tort nor contract claims," and addressed the first prong of the specific jurisdiction test under both the purposeful availment and purposeful direction approaches. *Id.* at *5; *see also Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1022 (N.D. Cal. 2015) (applying both approaches and noting that "[w]age and hour claims asserted under the [Fair Labor Standards Act] and state law are neither tort nor contract claims."). As such, the Court proceeds to analyze the first prong of the specific jurisdiction test under both approaches.

### i. Purposeful Availment

In determining whether a defendant purposefully availed himself of the forum, there must be "actions by the defendant himself that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). The defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher*, 911 F.2d at 1362 (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). "Merely 'random, fortuitous, or attenuated' contacts are not sufficient." *Picot*, 780 F.3d at 1212 (quoting *Burger King*, 471 U.S. at 475).

Here, Plaintiff contends that Madigan purposefully availed himself of the privilege of conducting business in California for the following reasons: (1) Madigan served as the Airista Flow's President during the relevant time period; (2) Madigan supervised Plaintiff, a California employee; (3) Madigan "was responsible for [Airista Flow's] payroll practices;" (4) Madigan participated in terminating Plaintiff; and (5) Madigan failed to issue Plaintiff's final wages, making him individually liable.  Doc. No. 17 at 4; *see* Overholt Decl. ¶¶ 3-4, 6-7.  Even assuming the truth of these allegations, Plaintiff fails to explain how such conduct, without more, is sufficient to establish Madigan purposefully availed himself of the privilege of conducting business in California. Madigan asserts that while working for Airista Flow, he "carried out" his work "from [his] home office in the state of New York and at times traveled to Maryland and Virginia to do work."  Doc. No. 10-4 (hereinafter "Madigan Decl.") ¶ 4.  Though Plaintiff submits one email Madigan sent to Plaintiff and several other Airista Flow employees, dated April 19, 2016, this contact, alone, is insufficient to show Madigan has a "substantial connection" with California.  *See* Overholt Decl., Exh. A.  Moreover, Madigan "do[es] not maintain personal offices in or have any personal business ventures in California," and has not been to California for more than one year.  Madigan Decl. at ¶¶ 7, 11.  Thus, Plaintiff fails to explain how Madigan's performance of managerial duties *outside* of California demonstrates that Madigan purposefully availed himself of the privilege of conducting business in California.

Accordingly, the Court finds that Plaintiff fails to demonstrate that Madigan "had sufficient minimum contacts with California to subject him to specific personal jurisdiction" here.  *Picot*, 780 F.3d at 1212; *see also Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (stating "[d]ue process requires that a defendant be haled into court in a forum State based upon his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.") (quoting *Burger King*, 471 U.S. at 475).

       *ii.  Purposeful Direction*

The Court next considers whether Plaintiff can demonstrate specific personal jurisdiction under the purposeful direction analysis. *See Calder v. Jones*, 465 U.S. 783, 789 (1984) (establishing the "effects" test). "Purposeful direction 'requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Dole Food Co.*, 303 F.3d at 1111).

Regarding the first prong of the *Calder* effects test, the Court finds that Plaintiff has established that Madigan committed an intentional act. An intentional act is one that denotes an external manifestation of the actor's will, excluding any of its results, even the most direct, immediate, and intended. *See Morrill*, 873 F.3d at 1142. In his Complaint, Plaintiff alleges that "[u]pon information and belief, MADIGAN was primarily involved in the decision not to pay Plaintiff and may be held liable as the employer under California Labor Code § 558.1." Complaint ¶ 49. In his declaration, Plaintiff avers that he "believe[s] Ryan Madigan was primarily involved in the decision not to pay all wages [he] was owed upon discharge because [he] understood [Madigan] was the individual primarily involved with the Company pay practices." Overholt Decl. ¶ 7. Moreover, Plaintiff relies on Exhibit B in support of his argument that Madigan failed to pay all wages due, which consists of several emails between Plaintiff and Mr. Patrick Jenkins, Vice President of Airista Flow. *See* Overholt Decl., Exh. B. Mr. Jenkins indicates in his emails that Airista Flow will pay Plaintiff's expenses, but notes that Plaintiff "will not be paid for the bonus and vacation time[.]" *See id.* Plaintiff acknowledges that although the "email is from Airista's Vice President, Patrick Jenkins," he "believe[s] Ryan Madigan made the decision as [Madigan] is the President of the company and the superior of Patrick Jenkins." Overholt Decl. ¶ 7. Madigan does not contest these allegations. Thus, the Court presumes the truth of Plaintiff's allegations. *See Am. Tel. & Tel. Co.*, 94 F.3d at 588 (noting that uncontroverted allegations in a complaint must be taken as true when such allegations are not contradicted by affidavit). As such, the Court finds that Plaintiff

has sufficiently demonstrated Madigan committed an intentional act.

The Court next looks to whether Madigan's intentional act was "expressly aimed at the forum state[.]" *Morrill*, 873 F.3d at 1142. The "express aiming" requirement "depends to a significant degree on the specific type or tort or other wrongful conduct at issue." *Picot*, 780 F.3d at 1206. However, courts are "limited to 'the defendant's suit-related conduct.'" *Id.* at 1215 n.3 (quoting *Walden*, 134 S. Ct. at 1121). The Supreme Court has clarified that courts must look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1122. "[T]he plaintiff cannot be the only link between the defendant and the forum," and a "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125.

Plaintiff primarily relies on *Jillella v. International Solutions Group, Inc.*, 507 F. App'x 706 (9th Cir. 2013), for the proposition that "employing a California employee sufficiently establishes jurisdiction." Doc. No. 17 at 2. In *Jillella*, the Ninth Circuit found that the plaintiff satisfied the first and second prongs of the *Calder* effects test because the defendant corporation sent its employee (the plaintiff) to work for a third party in California for five months, and then allegedly refused to pay him. 507 F. App'x at 708. The Ninth Circuit, applying the purposeful direction analysis, reasoned that the defendant corporation "committed an intentional act expressly aimed at California, which would likely cause harm in California." *Id.*

*Jillella* is distinguishable from the case at bar for two reasons. First, Plaintiff claims that Madigan "supervised Plaintiff (a California employee)." Doc. No. 17 at 4. Plaintiff does not contend that Madigan, or Airista Flow, sent him to work in California. Nor does Plaintiff allege that Madigan performed any supervisory duties in California. Second, Plaintiff fails to note that in *Jillella*, the Ninth Circuit refused to determine whether the district court has personal jurisdiction over Mr. Ravi Puli, the defendant

corporation's President. 507 F. App'x at 708-09. Mr. Puli argued that the district court lacks personal jurisdiction over him "because he works and lives in Virginia and has insufficient contacts with California." *Id.* at 708. The Ninth Circuit noted that the district court did not apply the specific jurisdiction test to Mr. Puli individually, and remanded the issue to the district court. *Id.* at 709. Thus, *Jillella* does not support Plaintiff's contention that the Court has specific personal jurisdiction over Madigan by virtue of his position as President of Airista Flow.

In considering Plaintiff's allegations, the Court finds that Plaintiff has not established a prima facie case that Madigan's allegedly intentional act was "expressly aimed" at California. Plaintiff declares that "[w]hile employed by Airista," he "lived and performed work in the State of California."[5] Overholt Decl. ¶ 3; *see also* Complaint ¶ 1. Plaintiff also submits a copy of a wage statement issued by Airista Flow in support of his assertion that he is a California employee. Jones Decl., Exh. 1. The wage statement indicates that Plaintiff lives in Encinitas, California. *See id.* Plaintiff further alleges that Madigan "oversaw [Airista Flow's] general payroll practices, including advising on how each employees' wages would be taxed." Overholt Decl. ¶ 4. Plaintiff's allegations and proffered evidence, at most, establish that Madigan knew Plaintiff worked and resided in California. Mere knowledge that Plaintiff is a resident of the forum state at the time of the alleged wrongful conduct, however, is insufficient to establish specific personal jurisdiction. *See Walden*, 134 S. Ct. at 1126.

Prior to the Supreme Court's decision in *Walden*, the Ninth Circuit "repeatedly stated that the 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff

---

[5] The Court notes that Airista LLC and Madigan summarily assert in their reply brief that "Plaintiff never rendered services for Airista Flow in California." Doc. No. 18 at 3. However, they submit no declarations in support of this contention. As such, the Court presumes the truth of Plaintiff's allegations. *See Am. Tel. & Tel. Co.*, 94 F.3d at 588 (noting that uncontroverted allegations in a complaint must be taken as true when such allegations are not contradicted by affidavit).

whom the defendant knows to be a resident of the forum state.'" *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (quoting *Dole Foods Co.*, 303 F.3d at 1111). However, in *Walden*, the Supreme Court stressed that even where an intentional tort is alleged, the "defendant's suit-related conduct must create a substantial connection with the forum State," and this "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." 134 S. Ct. at 1121-22 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). In 2015, the Ninth Circuit, addressing *Walden*, affirmed that conduct must be expressly aimed at the forum state itself, not merely a resident of the forum. *See Picot*, 780 F.3d at 1214. In *Picot*, the plaintiff alleged that the defendant interfered with a California contract "from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California." *Id.* at 1215. Although the contract was executed in California, the Ninth Circuit found no specific personal jurisdiction because "none of [the defendant's] challenged conduct had anything to do with [California] itself." *Id.* Thus, in light of *Walden* and *Picot*, the express aiming prong is not met where a defendant merely targets a California resident. *See Walden*, 134 S. Ct. at 1125 ("The proper question . . . is whether the defendant's conduct connects him to the forum in a *meaningful way*.") (emphasis added).

As noted previously, Madigan lives in New York, and has for several years, has never resided in California, did not perform services on behalf of Airista Flow in California, owns no real or personal property in California, and as of August 15, 2017, had not been to California for more than one year. *See* Madigan Decl. ¶¶ 2-4, 6, 11. Moreover, Madigan's alleged decision to not pay Plaintiff's final wages presumably occurred in New York, where Madigan lives and primarily works, or in Maryland or Virginia, where Madigan traveled to occasionally for work. *Id.* ¶ 4. Plaintiff does not allege Madigan traveled to California, met with Plaintiff in California, or otherwise engaged in numerous communications with Plaintiff while Plaintiff worked for Airista Flow in California. The only link between Madigan and California, as alleged, is that

Plaintiff resides in California and Plaintiff suffered harm in California. Such a connection is insufficient to satisfy the "express aiming" requirement.

Therefore, because Plaintiff "*cannot be the only link between the defendant and the forum*," Plaintiff has not shown that Madigan directed his conduct at California in a meaningful way. *Walden*, 134 S. Ct. at 1125 (emphasis added); *see also Standard v. Cameron*, 2017 WL 5466718, at *7 (E.D. Cal. Nov. 14, 2017) (concluding that the plaintiff failed to demonstrate purposeful direction where "[t]he only connection that Defendants have to California is that [the plaintiff] resides in California and [the plaintiff] experienced harm in California."); *Lycurgan, Inc. v. Griffith*, 2017 WL 325079, at *5 (S.D. Cal. July 31, 2017) (finding the plaintiff fails to show the defendant expressly aimed his activity at California where the plaintiff merely demonstrated that the defendant "intentionally targeted [the] Plaintiff who happens to reside in the state."); *cf. Phillippe Charriol Int'l Ltd. v. A'lor Int'l Ltd.*, 2014 WL 12284076, at *6 (S.D. Cal. May 2014) (finding purposeful direction where the record shows that the counterdefendants "traveled to California, and frequently contacted [counterclaimant's] personnel in California to conduct business via Skype videoconferencing, phone, email, and written communications. . . . Thus, unlike in *Walden*, [counterdefendants] have contacts with California beyond mere knowledge that [counterclaimant] has connections here.").

### iii. Conclusion

In sum, the Court finds that Plaintiff has failed to make a prima facie showing of specific jurisdiction over Madigan. Specifically, Plaintiff has not established that Madigan either purposefully availed himself of the privilege of conducting activities in California, or that Madigan expressly aimed his action at California. Plaintiff's theory of jurisdiction is not compatible with the Supreme Court's analysis in *Walden*, or the Ninth Circuit's analysis in *Picot*. Accordingly, the Court concludes that it lacks personal

jurisdiction over Madigan.[6]

b. Airista LLC

Plaintiff argues "personal jurisdiction exists as to Airista LLC" because "the LLC is in the same business" as Airista Flow; thus, Airista LLC has sufficient ties with California as Plaintiff's joint employer. Doc. No. 17 at 5-6. Plaintiff asserts all five causes of action against Airista LLC for: (1) age discrimination; (2) failure to prevent discrimination; (3) wrongful termination in violation of public policy; (4) failure to pay earned wages upon discharge; and (5) restitution for unfair business practices. *See* Complaint. The Court notes that Plaintiff does not specify whether the Court has specific or general personal jurisdiction over Airista LLC. As such, the Court addresses both bases for personal jurisdiction.

*i. General Personal Jurisdiction*

Courts have general personal jurisdiction over nonresident defendants whenever the defendants' activities within the forum state are "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). General jurisdiction has "an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. Establishing general personal jurisdiction requires that the defendant's contacts with a forum be "so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (internal quotations omitted).

Here, Plaintiff alleges that Airista LLC is a limited liability company "doing business in California." Complaint ¶ 3. Moreover, Plaintiff claims that Airista Flow is a

---

[6] Because Plaintiff has failed to establish the first prong of the specific jurisdiction test under both the purposeful availment and purposeful direction approaches, the Court "need not address whether the suit arises out of [Madigan's] forum-related activities, or whether the exercise of jurisdiction would be reasonable," the remaining two prongs of the specific jurisdiction test. *Picot*, 780 F.3d at 1213 n.2.

subsidiary of Airista LLC, and is "either based in, authorized, or registered to conduct, or in fact conducts substantial business in the State of California, County of San Diego." *Id.* ¶¶ 3, 11.

Airista LLC, however, submits the declarations of its two members, Messrs. S. Sajjad and M. Sajjad, to refute Plaintiff's allegations. *See* Doc. No. 10-2 (hereinafter "S. Sajjad Decl."); Doc. No. 10-3 (hereinafter "M. Sajjad Decl."). Messrs. M. and S. Sajjad declare under penalty of perjury that: (1) Airista, LLC was formed under the laws of Maryland (M. Sajjad Decl. ¶ 3; S. Sajjad Decl. ¶ 3); (2) Messrs. M. Sajjad and S. Sajjad currently reside in Maryland, and resided in Maryland at the time the lawsuit was filed and at the time of removal (M. Sajjad Decl. ¶¶ 4, 8; S. Sajjad Decl. ¶¶ 4, 8); (3) Airista LLC is *not registered to conduct business within the state of California*, has *never conducted business in California*, and has *never employed employees in California* (M. Sajjad Decl. ¶ 8; S. Sajjad Decl. ¶ 8) (emphasis added); (4) Airista LLC has no property in California (M. Sajjad Decl. ¶ 9; S. Sajjad Decl. ¶ 9); and (7) Airista LLC has no bank accounts in California (M. Sajjad Decl. ¶ 10; S. Sajjad Decl. ¶ 10). Thus, given Airista LLC's lack of systematic and continuous contacts with California, the Court concludes that it lacks general personal jurisdiction over Airista LLC.

### ii. *Specific Personal Jurisdiction*

As set forth above, specific personal jurisdiction may be established by showing that three requirements are met: 1) the defendant purposefully directs his activities or conducts some transaction with the forum, or performs some act by which he purposefully avails himself of the privileges of conducting activities in the forum state, thereby invoking the protections of its law; 2) the claim arises out of the defendant's forum-related activities; and 3) exercising jurisdiction is reasonable. *See Picot*, 780 F.3d at 1211. Plaintiff must satisfy the first two prongs of the test. *See Dole Food Co.*, 303 F.3d at 1111. Courts apply the purposeful availment analysis to claims sounding in contract, while courts apply the purposeful direction analysis to claims sounding in tort. *See Picot*, 780 F.3d at 1212.

Here, the Court finds that Plaintiff has not sufficiently alleged that Airista LLC actually employed him, which is fatal under both the purposeful availment and purposeful direction approaches. Plaintiff asserts that "the LLC is in the same business" as Airista Flow and that "the LLC has sufficient ties with the forum state as a joint employer." Doc. No. 14 at 6. However, Plaintiff does not submit any admissible evidence demonstrating that Airista LLC actually employed him. In fact, Airista Flow and Airista LLC "are separate legal entities" and Airista LLC "is not involved in the business operations of [Airista Flow]." M. Sajjad Decl. ¶ 6; S. Sajjad Decl. ¶ 6. Airista LLC is not registered to conduct business in California, has never conducted business in California, and most importantly, "has never employed employees in California." M. Sajjad Decl. ¶ 6; S. Sajjad Decl. ¶ 6. The declarations of Messrs. M. Sajjad and S. Sajjad directly contradict Plaintiff's allegation that "the LLC is liable as Plaintiff's employer with the power to control, fire, issue wages, and conduct other business matters as it relates to at least one California employee." Doc. No. 17 at 6.

Plaintiff submits as evidence Airista Flow's initial disclosures in this case, wherein Airista Flow admits that Airista LLC's members, Messrs. M. and S. Sajjad, "are witnesses in this matter." Doc. No. 17 at 6. The initial disclosures indicate that Mr. S. Sajjad is Airista Flow's CEO, and that Mr. M. Sajjad is Airista Flow's CFO. *See* Doc. No. 17-9 at 2. Plaintiff seems to imply that because Messrs. M. and S. Sajjad serve as officers of Airista Flow, in addition to being the only two members of Airista LLC, Airista LLC is somehow Plaintiff's joint employer. Plaintiff does not, however, explain this argument, or cite to any legal authority in support of this position.

Plaintiff further contends that "Defendants do not deny" that a "parent-subsidiary relationship" exists between Airista Flow and Airista LLC. Doc. No. 17 at 6. Even assuming such a relationship exists, "[i]t is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). A subsidiary's contacts may be imputed to the

parent only in two situations: (1) where the subsidiary is the parent's alter ego, or (2) where the subsidiary acts as the general agent of the parent. *See id.* Plaintiff, however, fails to address the exceptions altogether. Thus, even if such a parent-subsidiary relationship exists, Plaintiff has not demonstrated that the contacts of Airista Flow may be attributed to Airista LLC for purposes of personal jurisdiction.

In sum, considering Plaintiff's admissible evidence, along with the declarations of Messrs. M. and S. Sajjad, the Court concludes that Plaintiff fails to make a prima facie showing of specific jurisdiction over Airista LLC. Specifically, the Court finds that Plaintiff has failed to demonstrate that Airista LLC has any connection to California. Thus, under the purposeful availment analysis, Plaintiff is unable to demonstrate that Airista LLC performed any "affirmative conduct which allows or promotes the transaction of business" within California. *Sher*, 911 F.2d at 1362. Regarding the purposeful direction analysis, Plaintiff is unable to establish that Airista LLC committed an intentional act expressly aimed at California. *See Morrill*, 873 F.3d at 1142. Accordingly, the Court concludes that it lacks personal jurisdiction over Airista LLC.[7]

c. Jurisdictional Discovery

In his opposition to the instant motion, Plaintiff requests the Court allow the parties to conduct jurisdictional discovery "so that Plaintiff may make a more satisfactory showing" of Airista LLC and Madigan's contacts with California. Doc. No. 17 at 6. Madigan and Airista LLC oppose Plaintiff's request, noting that the declarations of Madigan, M. Sajjad, and S. Sajjad "make clear that Arista, LLC and Mr. Madigan conduct no business in California and lack sufficient ties to the state to establish jurisdiction." Doc. No. 18 at 7.

In the Ninth Circuit, jurisdictional discovery "should ordinarily be granted where

---

[7] Because Plaintiff fails to satisfy the first prong of the specific personal jurisdiction test as to Airista LLC, the Court need not address whether the second and third prongs of the specific jurisdiction test are met. *See Picot*, 780 F.3d at 1213 n.2.

'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc.*, 557 F.2d at 1285 n. 1). The Ninth Circuit has indicated that courts should permit jurisdictional discovery where "[f]urther discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction[.]" *Harris Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d at 1135. However, courts may deny a request for jurisdictional discovery "if it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), or when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Here, the Court finds that jurisdictional discovery is not warranted. With respect to Airista LLC, Plaintiff summarily asserts that "the LLC is the joint employer of Plaintiff and that the LLC and the Corporation are equally liable for Plaintiff's claims." Doc. No. 17 at 7. However, Plaintiff submits no evidence in support of this proposition, nor does Plaintiff allege that Airista LLC paid him, or otherwise had any contact with him during his employment with Airista Flow. In fact, the wage statement that Plaintiff submits as Exhibit 1 to Ms. Jones' declaration was issued by Airista Flow, Inc. and "Airista Flow LLC" does not appear anywhere on the wage statement. *See* Jones Decl., Exh. 1.

Moreover, Messrs. M. and S. Sajjad declare under penalty of perjury that the LLC and Airista Flow are separate entities, Airista LLC does not conduct business in California, has never conducted business in California, and has never employed employees in California. M. Sajjad Decl. ¶¶ 6, 8; S. Sajjad Decl. ¶¶ 6, 8. Simply put, the declarations offered by Messrs. M. and S. Sajjad attest to a complete lack of contact with the forum state. As such, Plaintiff's request for jurisdictional discovery cannot be said to be based on more than a "hunch" that it will yield relevant facts. *Boschetto*, 539 F.3d at 1020; *see also Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare

allegations in the face of *specific denials made by defendants*, the Court need not permit even limited discovery.") (citation omitted) (emphasis added).

With respect to Madigan, Plaintiff contends that "jurisdictional discovery *may* show Madigan's involvement with Plaintiff's termination and the Company's payroll practices of employees who are discharged in California." Doc. No. 17 at 7 (emphasis added). Plaintiff's speculation, however, is similarly insufficient to warrant jurisdictional discovery. *See Butcher's Union Local No. 498*, 788 F.2d at 540 (upholding the denial of a request for jurisdictional discovery where plaintiffs stated only that they "believed" discovery would enable them to demonstrate sufficient California contacts to establish personal jurisdiction). Additionally, Plaintiff does not specify the discovery he seeks to conduct, or how it would be helpful in the Court's jurisdictional analysis. *See Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (noting that the district court did not abuse its discretion in denying the plaintiffs' request for discovery in light of the plaintiffs' failure to "identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction over [the defendant] in California."). Accordingly, the Court **DENIES** Plaintiff's request for jurisdictional discovery.

### 4. Conclusion

In sum, the Court finds that Plaintiff has not met his burden in establishing that the Court has personal jurisdiction over Airista LLC and Madigan. Plaintiff has shown neither that Madigan purposefully availed himself of the privilege of conducting activities in California, nor that Madigan expressly aimed his conduct at the forum state. Moreover, Plaintiff has not demonstrated that Airista LLC has any contacts with the forum state. As such, the Court concludes that it lacks personal jurisdiction over Airista LLC and Madigan. Further, the Court finds that jurisdictional discovery is not warranted. Accordingly, the Court **GRANTS** Airista LLC and Madigan's motion to dismiss for lack of personal jurisdiction.

/ / /

/ / /

Based on the foregoing, the Court **DENIES** Plaintiff's motion to remand. Additionally, the Court **GRANTS** Airista LLC and Madigan's motion pursuant to Federal Rule of Civil Procedure 12(b)(2), and **DISMISSES** Plaintiff's claims against them without prejudice. *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (dismissal for lack of personal jurisdiction must be without prejudice).

**IT IS SO ORDERED.**

Dated: January 10, 2018

HON. MICHAEL M. ANELLO
United States District Judge